UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| EUGENE PERKINS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CASE NO. 20CV1433 HEA |
| | ) |
| DERRICK FRYE, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Defendants' Motion to Dismiss, [Doc. No. 4]. Plaintiff has not responded to the Motion. For the reasons set forth below, the Motion is granted.

### Facts and Background

Plaintiff's Petition[1] alleges:

On or about July 20, 2017, Defendant Frye engaged Isiah Perkins in a foot pursuit following an automobile crash at or around 6173 and 6177 Laura Ave., St. Louis, MO. Perkins ran through a gangway and jumped the fence between 6173 and 6177 Laura Ave.

After Perkins was coming down the fence, Defendant Frye drew his weapon and fired several rounds striking Isiah Perkins in the back. Perkins was not armed and was not a threat at the time that Defendant Frye used deadly force

That at all times mentioned, Defendant Frey was acting under the color of the statutes, ordinances, regulations, customs, and usages of Defendant City of St. Louis and the State of Missouri and under the authority of their [sic]

---

[1] Plaintiff filed this action in the Circuit Court for the City of St. Louis, Missouri. Defendants subsequently removed it pursuant to the Court's federal question jurisdiction.

respective office as police officer. Defendant Frye shot Perkins as an improper, and excessive abuse of Defendant Frye's authority to seize and arrest Mr. Perkins. Defendant Frye used an unauthorized and excessive use of force within his capacity as police officer.

Plaintiff alleges "Frye's use of force fell below the standard of an objectively reasonable police officer in similar or like circumstances" and that Frye's use of force "manifested a reckless indifference to Perkin's constitution [sic] rights under the 4th and 14th amendments to the U.S. Constitution." In addition to Plaintiff's § 1983 excessive force claim against Frye and City (Count I), Plaintiff asserts a state law claim against Frye and City captioned "Assault and Battery" (Count II).

Plaintiff styles Count I as a "wrongful death" claim and asserts it is brought pursuant to RSMo. § 537.080(1). Despite Plaintiff's characterization, Count I alleges Frye's use if force was unreasonable and violative of the Fourth and Fourteenth Amendments to United States Constitution – allegations which assert a Fourth Amendment excessive force claim for unreasonable use of force.

**Standard of Review**

The purpose of a Rule 12(b)(6) motion to dismiss for failure to state a claim is to test the legal sufficiency of a complaint so as to eliminate those actions "which are fatally flawed in their legal premises and deigned to fail, thereby sparing the litigants the burden of unnecessary pretrial and trial activity." *Young v. City of St. Charles*, 244 F.3d 623, 627 (8th Cir. 2001). To survive a Rule 12(b)(6)

motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678, (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)).

In addressing a motion to dismiss, "[t]he court may consider the pleadings themselves, materials embraced by the pleadings, exhibits attached to the pleadings, and matters of public record." *Illig v. Union Elec. Co.*, 652 F.3d 971, 976 (8th Cir. 2011). A court may dismiss a claim under Rule 12(b)(6) as barred by the statute of limitations if the complaint itself establishes that the claim is time-barred. *Id.* (citing *Jessie v. Potter,* 516 F.3d 709, 713 n. 2 (8th Cir.2008)). To state a claim under § 1983, "a plaintiff must plead that each government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 678.

## Discussion

Count II asserts state law claims against Frye and City for assault and battery. Although the Petition claims the applicable statute of limitations for his assault and battery count is three years for police officers, Missouri law provides that actions for assault and battery must be brought within two-years. RSMo. § 516.140. Specifically, RSMo. § 516.140 provides as follows:

> Within two-years: an action for libel, slander, injurious falsehood, assault, battery, false imprisonment, criminal conversation, malicious prosecution or actions brought under section 290.140.

3

RSMo. § 516.140. Plaintiff alleges the officer involved shooting at issue in this case occurred on July 20, 2017. However, Plaintiff's Petition was not filed until July 20, 2020 – three-years later. Because it is clear from the face of Plaintiff's Petition that Count II is time-barred, it must be dismissed. This Court has consistently applied the two-year statute of limitations set forth in RSMo. § 516.140 to assault and battery claims against police officers. *Powell v. Shelton*, No. 4:17CV2017 HEA, 2019 WL 172848 (E.D. Mo. Jan. 11, 2019) (rejecting argument that three-year statute of limitation applied to assault and battery claims against police officers and holding that RSMo. § 516.140's two-year statute of limitations barred assault and battery claims against police officers).

In *Gaulden v. City of Desloge, Mo.,* the plaintiff asserted, as Plaintiff does here, that the three-year statute of limitations set forth in RSMo. § 516.130 should apply to assault and battery claims against police officers. *Gaulden v. City of Desloge*, Mo., No. 4:07CV01637ERW, 2009 WL 1035346, at *14 (E.D. Mo. Apr. 16, 2009). The court disagreed and held that the two-year statute of limitation set forth in RSMo. § 516.140 applied. *Id.* Plaintiff's claims were therefore time-barred. *Id*. Likewise, in *Hazlett*, this Court denied the assertion that the three-year statute of limitations set forth in RSMo. § 516.130 applied to claims against police officers, and instead applied the two-year statute of limitation in RSMo. § 516.140. *Hazlett v. City of Pine Lawn*, No. 4:12CV1715JAR, 2013 WL 4482864, at *3

(E.D. Mo. Aug. 19, 2013). There, the court held "that any claim against [defendant police officer] in his individual capacity is clearly barred by the two-year statute of limitations." *Id*.

For the reasons set forth above, Plaintiff's assault and battery claims against Frye and City (Count II) are time-barred and will be dismissed.

Count I, apparently brought pursuant to 42 U.S.C. § 1983, alleges that "Frye's use of force fell below the standard of an objectively reasonable police officer in similar or like circumstances" and that Frye's use of force "manifested a reckless indifference to Perkin's constitution [sic] rights under the 4th and 14th amendments to the U.S. Constitution."

Count I is brought against the City as well as Frye.  Plaintiff does not allege the City's conduct caused Plaintiff's injury, rather, it appears to assert a § 1983 *respondeat superior* claim against City premised upon Frye's alleged conduct. Plaintiff's § 1983 *respondeat superior* claim against City fails as a matter of law. In *Monell v. Dep't of Social Servs. of the City of New York*, the Supreme Court plainly held that a local government "cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 691 (1978). The Eighth Circuit has since clearly and repeatedly held "it is well settled that § 1983 does not impose *respondeat superior* liability." *Hughes v. Stottlemyre*, 454 F.3d 791, 798 (8th Cir. 2006) (quoting *Crawford v.*

5

*Davis*, 109 F.3d 1281, 1284 (8th Cir. 1997)). Because § 1983 does not impose *respondeat superior* liability, Plaintiff's § 1983 *respondeat superior* claim against City (Count I) fails to state a claim as a matter of law and will be dismissed.

"Because the real party in interest in an official-capacity suit is the governmental entity and not the named official, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Robb v. Hungerbeeler*, 370 F.3d 735, 739 (8th Cir. 2004) (quoting *Kentucky v. Graham*, 473 U.S. 159, 166 (1985)) (internal citation and quotation marks omitted). Official-capacity claims are properly dismissed where they are redundant of claims asserted against the officer's governmental employer. *Caruso v. City of St. Louis*, No. 4:16 CV 1335 RWS, 2016 WL 6563472, at *1 (E.D. Mo. Nov. 4, 2016) (citing *Veatch v. Bartels Lutheran Home*, 627 F.3d 1254, 1257 (8th Cir. 2010); *Bonenberger v. City of St. Louis*, 2016 WL 5341113, at *2 (E.D. Mo. Sept. 23, 2016)). Here, Plaintiff's Complaint names Frye in both his individual and official capacities. Because Plaintiff's official capacity § 1983 claim against Frye is treated as a claim against City, it is duplicative of Plaintiff's claim against City and must be dismissed. Moreover, for the reasons set forth above, Plaintiff has failed to state a claim for municipal liability and Plaintiff's official capacity claims fail for that reason as well.

Plaintiff's state law tort claims against City are barred by sovereign immunity and must be dismissed.

Under Missouri law, sovereign immunity renders public entities like City "immune from suit for their negligent acts unless the General Assembly has expressly waived such immunity." *Phelps v. City of Kansas City,* 371 S.W.3d 909, 912 (Mo. App. W.D. 2012). A public entity's liability for torts is the exception to the general rule of sovereign immunity, which means a plaintiff must specifically plead facts demonstrating that the claim is within an exception to sovereign immunity. *Epps v. City of Pine Lawn*, 353 F.3d 588, 594 (8th Cir. 2003). Courts "are bound to hold that statutory provisions that waive sovereign immunity must be strictly construed." *Metro. St. Louis Sewer Dist. v. City of Bellefontaine Neighbors*, 476 S.W.3d 913, 921 (Mo. 2016). As such, courts "cannot read into the statute an exception to sovereign immunity or imply waivers not explicitly created in the statute." *Id*. at 921.

The express waivers of sovereign immunity arise where a person sustains injuries (1) resulting from the negligent acts or omissions by public employees arising out of the operation of motor vehicles or (2) caused by a dangerous condition of a public entity's property." § 537.600 RSMo. Sovereign immunity may also be waived for tort claims under § 537.610 if a public entity (1) purchases liability insurance, or (2) adopts a self-insurance plan, *but only* to the extent of the

coverage provided in the insurance policy or self-insurance plan. *Hendricks v. Curators of the Univ. of Mo.*, 308 S.W.3d 740, 743 (Mo. App. W.D. 2010); *see also State ex rel. Bd. of Trustees of City of N. Kansas City Memorial Hosp. v. Russell*, 843 S.W.2d 353, 360 (Mo. 1992) (sovereign immunity is waived only "to the extent of and for the specific purposes of the insurance purchased.")

Here, Plaintiff asserts state law tort claims against City for assault and battery, wrongful death, negligence, outrage, and prima facie tort (Counts I-VII). None of these claims fall into either of the two statutory exceptions to sovereign immunity set forth by RSMo § 537.600. Accordingly, Plaintiff's state law claims against City are barred by sovereign immunity and must be dismissed.

Plaintiff's conclusory allegation that "Defendant City of St. Louis had purchased and had in effect a policy of insurance to insure itself against claims or causes of action for damages caused by city employees engaged in government functions, including those as described herein" fails to allege facts sufficient to overcome City's sovereign immunity. "Because a public entity's liability for torts is the exception to the general rule of sovereign immunity, a plaintiff must specifically plead facts demonstrating that the claim is within this exception to sovereign immunity." *Epps v. City of Pine Lawn*, 353 F.3d 588, 594 (8th Cir. 2003) (citing *Burke v. City of St. Louis*, 349 S.W.2d 930 (Mo. 1961)). Moreover, sovereign immunity is waived only "to the extent of and for the specific purposes

of the insurance purchased." *State ex rel. Bd. of Trustees of City of N. Kansas City Mem'l. Hosp. v. Russell*, 843 S.W.2d 353, 360 (Mo. 1992).

Here, Plaintiff has not alleged any facts to support his conclusory allegation that City has waived sovereign immunity by purchasing unidentified insurance. Plaintiff has not identified any insurance policy, nor has he alleged anything other than his conclusion that an unidentified policy covers the claims in this case. Plaintiff's allegation amounts to a mere conclusion unsupported by any factual allegation, and it is therefore "not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 678-79. Because Plaintiff's state law claims do not fall into either of the two statutory exceptions to sovereign immunity set forth by RSMo § 537.600 and because Plaintiff's conclusory allegations with regard to insurance are not supported by any alleged facts, Plaintiff's state law claims are barred by sovereign immunity and will be dismissed.

## Conclusion

Based upon the foregoing analysis, Defendants' Motion to Dismiss is well taken.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss, [Doc. No. 4] is **GRANTED**.

9

**IT IS FURTHER ORDERED** that Count I is dismissed as to the City of St. Louis.

**IT IS FURTHER ORDERED** that Count II is dismissed as to both Defendants.

Dated this 10th day of December, 2020.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE